IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Brian L. Sullivan, | ) | CASE NO. 1:16 CV 1885 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| Dustin Anderson, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Brian L. Sullivan, proceeding *pro se*, has filed this civil action against Dustin and Megan Anderson, Cynthia Day, and Ann Lynch. His complaint does not contain allegations that are intelligible to the Court, but he purports to assert trespass and theft claims against the defendants related to a child, Brian J. Sullivan, who he refers to as his property. He seeks an order requiring the defendants "to restore and return said property" to him. (*See* Doc. No. 1-2.)

Federal courts are courts of limited jurisdiction, and the party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear a case. *Kokkenen v. Guradian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Moreover, federal courts have an independent duty to police the boundaries of their own jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999). A complaint is frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The plaintiff's claims of trespass and theft related to custody of a child are frivolous, and federal courts have no jurisdiction to resolve domestic relations disputes involving child custody. *Partridge v. State of Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003). There also is no basis for federal diversity jurisdiction as the plaintiff indicates all of the parties are citizens of the same state.

Accordingly, this action is dismissed for lack of subject matter jurisdiction and pursuant to the Court's authority established in *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                /s/ Donald C. Nugent
                                                DONALD C. NUGENT
                                                UNITED STATES DISTRICT JUDGE

Dated: August 31, 2016